HERBERT W. COOK *vs.* EDWIN J. MEDBURY.

Essex. November 21, 1889. — January 2, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Use and Occupation — Implied Agreement to pay Rent — Attachment
— Insolvent Debtor.*

If an attaching officer or messenger in insolvency expressly refuses to become
responsible for the rent of premises on which he leaves goods of the debtor,
a promise on his part to pay for the use and occupation thereof will not be
implied, although the owner of the premises did not agree that the officer or
messenger should not pay rent.

CONTRACT for use and occupation of certain premises in Lynn,
from May 10 to August 10, 1888. Trial in the Superior Court,
before *Hammond*, J., who allowed a bill of exceptions in sub-
stance as follows.

Some time before May 10, 1888, the defendant, a deputy sheriff,
attached certain goods on the plaintiff's premises belonging to
Barlow Cook, who was then occupying them as tenant at will,
and who thereupon surrendered the premises to the plaintiff.
The defendant took the key and left the goods, of which he re-
tained the custody, on the premises, with the plaintiff's knowl-
edge and consent. On May 12, 1888, Barlow Cook was duly
adjudged an insolvent, and on June 5 the defendant was duly ap-
pointed messenger in insolvency, and delivered the key to the as-
signee of the estate. The evidence was conflicting as to whether
the plaintiff was informed of such delivery before August 10,
1888. On or about May 10, before which time the plaintiff
neither claimed rent of the defendant nor had any conversation
with him in regard to it, the plaintiff and the defendant had a
conversation in relation to the defendant's paying rent thence-
forth for the premises, at a certain specified sum, namely, one
thousand dollars a year. The evidence was conflicting as to
what the conversation was, the plaintiff testifying that the de-
fendant then agreed to pay said sum for rent, and the defend-
ant testifying that he expressly refused to agree to pay said
sum, or to become responsible for any rent whatever.

The plaintiff requested the judge to instruct the jury as follows : " If a deputy sheriff who makes an attachment of goods, or a messenger in insolvency who takes possession of goods of the insolvent, stores them on premises other than those of the defendant in the writ on which he makes the attachment, or the insolvent, as the case may be, with the consent of the owner of said premises, the law implies a promise on the part of said deputy sheriff or messenger to pay said owner what the use of said premises for said storage was reasonably worth, if there was no express contract on the part of the deputy to pay for said storage, and if there was no agreement on the part of said owner that he should not pay for the same."

The judge refused so to instruct the jury, but instructed them " to take into account all the evidence bearing upon the conversation including the subsequent acts of the parties, and anything which to your mind throws light upon it, and see what the conversation was. If you are satisfied that the plaintiff's statement is correct, then the defendant is liable to pay rent. If you are satisfied that the defendant's statement is correct, then he is not liable to pay rent, and you will have occasion to go no further. If you are satisfied that the defendant told the plaintiff that he should not become personally responsible for the rent, then there is no responsibility for the defendant, whether the property remained in the place or not, because, if you are satisfied that the defendant refused to pay rent,· then the relation of landlord and tenant did not exist. If you take the plaintiff's view of the conversation, the defendant is liable to pay rent; if you take the defendant's view, the defendant is not liable to pay rent. If in that conversation the defendant agreed to become responsible to pay the plaintiff rent, then the plaintiff· is entitled to recover; if the defendant did not agree to pay it, then there is no evidence that will warrant a verdict for the plaintiff."

The jury returned a verdict for the defendant ; and the plaintiff alleged exceptions.

*N. D. A. Clarke*, for the plaintiff.

*W. H. Niles & G. J. Carr*, for the defendant.

FIELD, J.   It was admitted by both parties, that soon after May 10 they had a conversation " in relation to defendant's paying rent thenceforth . . . at a certain specified sum, namely, one

thousand dollars per year." The plaintiff testified "that defendant then agreed to pay said sum for rent." The defendant testified "that he expressly refused to agree to pay said sum, or to become responsible for any rent whatever." The judge instructed the jury, in substance, that if they believed the plaintiff the defendant was liable, and that if they believed the defendant he was not liable. An exception was taken by the plaintiff to the charge only so far as it was inconsistent with a ruling which the plaintiff requested, and the judge refused to give. That request in substance was, that if the defendant as an attaching officer, or as a messenger in insolvency, kept the goods of the insolvent debtor on the plaintiff's premises with his consent, the defendant was liable to pay what the use of the premises was reasonably worth, "if there was no express contract on the part of" the defendant to pay for the use of the premises, and "if there was no agreement on the part of" the plaintiff that the defendant "should not pay for the same." But the jury may have found that the plaintiff understood that the defendant expressly refused to pay rent, and, if so, the law would not imply a promise to pay it, although the plaintiff had not agreed that the defendant should not pay rent. There was no evidence that the defendant had become a tenant of the plaintiff except by contract; but the case does not, we think, call for a discussion of the principles on which a jury may be authorized to infer from circumstances that a contract has been made, although there has been no express contract.

*Exceptions overruled.*